Edgar J. Nathan, Jr., J.
This is an action for slander. Defendant moves, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, to dismiss the complaint for legal insufficiency. The question presented is whether the following words spoken by the defendant of the plaintiff are slanderous per se: “ You are carrying out a Communist conspiracy from your office ”. Plaintiff is a member of a local union, a constituent member of District Council No. 9. He is a delegate to that council. He alleges that the defendant intended to charge and did, in fact, charge him with “ actively promoting world-wide communism and the overthrow of this government by force and violence, in violation of the Brotherhood Constitution and the laws of the United States, and that plaintiff was engaging in criminal activities and committing serious crimes on behalf of a communist conspiracy, in violation of the laws of the United States ” and “ not faithfully performing his duties as the Business Agent or Business Bepresentative of Local Union 490, and was using the premises at D. C. (District Council 9) for criminal activities on behalf of the world-wide communistic conspiracy to overthrow the government of the United States ” and being “ unfit and unworthy to be a Business Agent or Business Bepresentative of a local union Apart from the question whether the words were spoken of the plaintiff in his employment, it is apparent that the plaintiff contends that they are otherwise defamatory since they charge him with being guilty of a punishable crime. It may well be that the words do not necessarily carry with them the import of a violation of the Smith Act (U. S. Code, tit. 18, §§ 2384, 2385) but they form the basis at least for the innuendoes quoted. While to say of another that he is a Communist may not be slanderous per se, yet the words here spoken, as alleged, go much further, and although they may be susceptible of many meanings, it cannot *646 be said as a matter of law that they cannot import a conspiracy, as set forth in the Smith Act. The question is properly one for the jury, and the complaint is therefore sufficient. The motion is denied.